# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

TRAVIS BETTERSON,                )
                                 )
      Petitioner,          )
                                 )
v.                               )          CV420-005
                                 )
STATE OF GEORGIA,                )
                                 )
      Respondent.          )

## REPORT AND RECOMMENDATION

Travis Betterson has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging various defects in his state criminal case. Doc. 1. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition must be dismissed.

Betterson alleges that he is seeking relief from a life plus forty-five-year sentence imposed by the Chatham County Superior Court in CR161433-J2. Doc. 1 at 1. He alleges that he appealed to the Superior Court of Chatham County. *Id.* at 2. However, he does not indicate that any such "appeal" has been resolved, or whether he has filed an appeal with the Court of Appeals of Georgia. In fact, he indicates that his "appeal" with the Superior Court is "pending." *Id.* at 2. Finally, Betterson never alleges that he pursued collateral relief through the state system.

Before seeking § 2254 relief here, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Betterson, by his own admission, has yet to do that. He must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). That includes waiting for any final decision on his direct appeal and filing a state petition for habeas relief.

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases; *see also Paez v. Sec'y, Fla. Dept. of Corrs.*, ___ F.3d ___, 2020 WL 63290, at * 4 (11th Cir. Jan. 7, 2020) (recognizing that "a district court has the authority to dismiss a 'petition sua sponte for failure

to exhaust state remedies,' even if the State has not responded to the petition and raised that procedural bar to relief." (quoting *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970)).  Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

---

[1]  A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Dismissal without prejudice, of course, means that once petitioner has his resolution he may return to this Court with a timely-filed petition for review.

3

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO  REPORTED AND RECOMMENDED,** this 9th day of January, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA